Clark v. Imperial Council of Jugamos.

Opinion delivered March 5, 1928.

INSURANCE—EVIDENCE SHOWING MISTAKE.—In an action on a policy of fraternal benefit insurance, in which the amount of the recovery depended on deceased's age at the time the policy was issued, it was error to refuse to permit plaintiff to show that the age inserted in the policy was inserted either by mistake or wrongfully.

Appeal from Ouachita Circuit Court; *W. A. Speer,* Judge; reversed.

*Thos. W. Hardy,* for appellant.

*Haynie, Parks & Westfall,* for appellee.

MEHAFFY, J. The appellant brought suit in the Ouachita Circuit Court, alleging that her mother, Hettie Clark, died on July 29, 1925; that the appellee is a fraternal order, organized under the laws of Arkansas and engaged, as part of its work, in the insurance of its members upon the payment of certain dues, assessments and premiums. That Hettie Clark, deceased, was a member of the order, held a certificate of membership or policy of insurance in said order, which she had carried for several years, and had paid dues, assessments and premiums up to the time of her death. That the value of said policy at her death was $300. Proof of death was made in August, 1925. That, after the death of the said Hettie Clark, the certificate of membership or policy was sent to the company at Forrest City, Arkansas, and that defendant has possession of said policy, and appellant is unable to exhibit it. Appellant is the administratrix, and the policy is made payable to the

estate of Hettie Clark. She alleged that appellant refused to pay, and prayed judgment for $300.

The appellee answered, admitting that it was a fraternal order, admitting that Hettie Clark, deceased, was, at the time of her death, a member of said order, and held a policy upon which the dues, assessments and premiums had all been paid. But it denies that the policy was, at the time of the death of Hettie Clark, of the value of $300, but states that it was of the value of $100; that that sum was due; that it had heretofore been tendered, and rejected by the appellant; that defendant has continuously held itself ready to pay the amount, and offers to confess judgment for $100.

One of the policies, the one sued on, was issued in January, 1918, and the appellant testified that that was the only policy her mother ever had. She knew that was the policy, because her mother, before she died, told her where to find it, and it was the only policy found where her mother told her it was, and it was the policy that she returned to the company, and she knew it was the one because of a stain on the back of it.

Plaintiff introduced the policy, dated the 15th day of January, 1918. In this policy Hettie Clark's age was shown to be 37. The plaintiff called Joe Holmes as a witness, and he was an officer of the local lodge, and testified that the policy issued on January 15 had lapsed because of the nonpayment of dues and assessments, but that there had been issued after that time another policy, dated October 15, 1918. This policy had never been delivered to her, but it was held by the lodge, waiting for her to return the policy issued January 15, 1918, which she never did return. But she continued to pay her dues, and the insurance company conceded that she was entitled to recover $100 on the policy of October 15, 1918. The age in this last policy was stated to be 60 years, and the plaintiff asked permission to show that the age was inserted wrong, that the age as given in the last policy was wrong, that she was not 60 years of

age, and that, if the age had been correctly stated, she would have been entitled to $300 instead of $100.

The plaintiff in the suit thought that was the only policy that was ever issued or that her mother ever held, but the undisputed proof on the part of the company shows that that first policy was lapsed and that the other one issued. And the only question in the case was whether she was entitled to recover $100 or $300, and, since this depended entirely upon the age of the deceased at the time the policy was issued, plaintiff should have been permitted to introduce proof. to show that. the age of 60 was inserted by mistake, or wrongfully inserted. If that age was correct, she was only entitled to recover $100. If her age was as contended by plaintiff, she was entitled to recover $300.

The court should have permitted the plaintiff to show the age of Hettie Clark, and, for this error, the case is reversed, and remanded for new trial.